UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 3:04-cr-138 (JCH) |
| | : | |
| KEEROME SUGGS | : | MAY 18, 2009 |

**RULING RE: MOTION FOR REDUCTION IN SENTENCE (Doc. No. 2217)**

Defendant Keerome Suggs has filed a Motion for Reduction in Sentence (Doc. No. 2217) in which he seeks to benefit from the retroactive change in the sentencing guidelines for crack-cocaine offenses.

At sentencing,[1] the court determined that Suggs was a career offender. Tr. at 6. Without career offender status, Suggs's offense level would have been 25, after accounting for acceptance of responsibility, and his criminal history category V.[2] As such, Suggs would have faced a guidelines range of 100-125 months' imprisonment, which effectively would have become 120-125 months due to the applicability of a 120

---

[1] The court has reviewed the PSR, Statement of Reasons, and a transcript of the sentencing proceeding, in connection with the instant Motion.

[2] Suggs was sentenced pursuant to the November 5, 2003 sentencing guidelines. The court found that the relevant quantity was more than 500 grams but less than 1.5 kilograms of cocaine base, which would result in a base offense level of 36. The court further determined that Suggs was a minor participant, which would have capped his offense level at 30 under § 2D1.1(a)(3) and would have further reduced his offense level by two levels to 28 under § 3B1.2(b). After accounting for acceptance of responsibility, his resulting offense level would have been 25.
During the sentencing proceeding, in calculating what Suggs's offense level would have been without career offender status, the court referenced an adjusted offense level (prior to adjustment for acceptance of responsibility) of 27. Tr. at 5. However, it appears that the court made a speaking error in stating the offense level, and that the adjusted offense level was in fact 28, or 25 after accounting for acceptance of responsibility. See Tr. at 4-5 ("[H]e drops down to a level 30 and further enjoys a two level reduction under mitigating under [3B1.2(b)]."); see also id. at 28 ("[The career offender guideline] moved him 9 levels, 25 to 34.").

1

month mandatory minimum. Because he was a career offender, however, the sentencing guidelines increased his offense level to 34 (after accounting for acceptance of responsibility), with his criminal history increasing to category VI. Tr. at 5-6. This meant that Suggs faced a guidelines range of 262-327 months imprisonment.

Pursuant to U.S.S.G. § 4A1.3(b), the court decided that Suggs's criminal history category over represented his actual criminal history, and the court horizontally departed to criminal history category V and vertically departed by "four level[s]."[3] Tr. at 27-28. The court also granted a departure pursuant to § 5K2.0 to reflect Suggs's assistance to state authorities. Tr. at 28-29; Statement of Reasons. The court ultimately imposed a sentence of 132 months, based upon its determination of the initial, career offender guideline range (262-327) and its consideration of the two departures therefrom. Tr. at 29; Statement of Reasons.

In his Motion, Suggs first contends that he is eligible for a sentence reduction, notwithstanding his career offender status, because his sentence was "based on" the old crack-cocaine guidelines insofar as the court specifically considered the § 2D1.1 offense level at the time of sentencing. The Second Circuit has determined that a defendant who qualified for career offender status, but was granted a departure under § 4A1.3 and ultimately sentenced based on the crack cocaine guidelines, is eligible for a reduced sentence. United States v. McGee, 553 F.3d 225 (2d Cir. 2009). This case is not on all fours with McGee, however, because the court did not sentence Suggs within

---

[3] At an offense level of 30 and a criminal history category of V, Suggs's guideline range then became 151-188 months.

the range determined by § 2D1.1.  However, the court made explicit reference to the § 2D1.1 range during sentencing in determining how far to downwardly depart under § 4A1.3:

> [The career offender provision] moved him 9 levels, 25 to 34.  Nine levels.  The court is not going to depart nine levels but I do believe a departure of four level [sic] is appropriate.

Tr. at 28.  The court concludes that, because Suggs obtained a departure under § 4A1.3 and that departure was calculated at least in part based upon the range determined by § 2D1.1, pursuant to the rule announced in McGee, Suggs would be eligible for a sentence reduction based on any applicable amendments to the § 2D1.1 offense level.

Suggs is only eligible for a retroactive sentence reduction, however, if the crack-cocaine amendments "have the effect of lowering the defendant's applicable guideline range" within the meaning of U.S.S.G. § 1B1.10.  Applying the amended guideline ranges and leaving all other guideline application decisions unaffected, as the Policy Statement requires, Suggs's new offense level, including the 3-level reduction for acceptance, would be 26.[4]  This new level is actually higher than the offense level of 25 applicable without career offender status at the time of Suggs's offense, and results from a change effective November 1, 2004, to how the Guidelines treat minor role

---

[4] As noted, the court found that at least 500 grams of cocaine base, but less than 1.5 kilograms of cocaine base, were attributable to Suggs.  Under the Nov. 1, 2008 Sentencing Guidelines, the base offense level for this quantity is 34, and in accordance with § 2D1.1(a)(3), as the defendant was a minor participant, the base offense level would be reduced three levels to 31.  After accounting for the two-level reduction for mitigating role pursuant to § 3B1.2(b), and the three-level reduction for adjustment of responsibility pursuant to § 3E1.1, the resulting adjusted offense level would be 26.

adjustments.  See U.S.S.G. amd. 668 (Nov. 1, 2004).  Therefore, Suggs's amended § 2D1.1 range, albeit lower than the sentence ultimately imposed, is actually higher now than it was when Suggs was sentenced.  Under the Policy Statement, therefore, Suggs is not eligible for resentencing.  That statement provides that "a reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(A).

Furthermore, even if Suggs were eligible for resentencing on the ground that the court's determination of his sentence was (partially) based upon Suggs's offense level as determined by § 2D1.1, the court would not resentence him.  The court only granted a partial departure under § 4A1.3.  The court does not believe that, if the § 2D1.1 range had been 26 (8 levels below) rather than 25 (9 levels below), it would have departed more than 4 levels below 34 on account of overstatement of criminal history, or imposed a lower sentence.

Suggs also argues that in light of developments in the law since his sentencing, particularly the decision of the Second Circuit in United States v. Savage, 542 F.3d 959 (2d Cir. 2008), his convictions no longer qualify him for career offender status.  The court has no authority to consider this argument.  When a guideline change has been made retroactive, the court's sole authority to resentence a defendant arises from 18 U.S.C. § 3582(c).  That statute requires that any resentencing be "consistent with

applicable policy statements issued by the Sentencing Commission." Id.  Here, the relevant policy statement provides that, in determining whether to resentence a defendant, "the court shall substitute only the amendments . . . and shall leave all other guidelines application decisions unaffected."  USSG § 1B1.10(b)(1).  Because the crack-cocaine amendments did nothing to alter the provisions for calculating career offender status, the court must leave its determination that Suggs was a career offender "unaffected."

Suggs's Motion for Reduction in Sentence (Doc. No. 2217) is therefore DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 18th day of May, 2009.

                                     /s/ Janet C. Hall
                                     Janet C. Hall
                                     United States District Judge